### 7938

### FERGUSON v. HENDERSON.

### PALMETTO BANK v. HENDERSON.

SURETIES.—Where money is borrowed on the joint note and mortgage of several parties to pay a debt for which they were all liable, some of them cannot insist they were simply sureties to the obligation of the others.

Before WILSON, J., Laurens, March, 1911.   Affirmed.

Action by John W. Ferguson against Lou Henderson *et al.*, and by Palmetto Bank of Laurens against T. B. Henderson *et al.* Defendants, Lou Henderson, Sue Henderson and Bell Henderson, in the first stated action, appeal.

*Messrs. Dial & Todd,* for appellants, cite: *One obligor of a note may prove by parol that he is a surety:* 2 Bail. 107; 24 Ency. 723; 10 Barb. 512; 8 Cyc. 263; 123 S. W. 766; 67 S. E. 205; 2 Hill 403; 26 S. C. 310; 68 S. C. 110; 10 S. C. 253; 25 S. C. 547; 61 S. C. 166; 79 S. C. 62; 43 S. C. 489; 21 L. R. A. 247. *Sureties are favored in equity:* 50 C. C. A. 434; 37 S. E. 594; 41 N. J. Eq. 519; 107 Ill. 241; 24 S. E. 554; 25 S. C. 547; 26 Cyc. 933; 33 S. C. 142; 164 U. S. 227; 1 McC. Eq. 117; 2 Id. 455; 1 Hill L. 321; Rice Eq. 275; 3 Rich. Eq. 139; 1 L. R. A. 640; 17 N. J. Eq. 189; 52 Am. Dec. 690; 57 Am. St. R. 657; 65

S. C. 105; 1 Rose 71; 4 Jones Ch. 17; 8 L. R. A. (N. S.)
559; Pom. Eq. Jur., sec. 798-9; Beach Mod. L. Eq. 802-4;
23 Am. Dec. 266; 10 S. W. 651; 7 Rich. Eq. 112; 16 L.
R. A. 115.

*Messrs. C. C. Featherstone, F. P. McGowan, Richey &
Richey* and *Simpson, Cooper & Babb,* contra, cite: *Subro-
gation will never be applied as against an innocent third
party without notice:* 32 Am. St. R. 566; 66 Id. 519; 83
Id. 135; Brandt on Sur., sec. 336; 17 Conn. 99; 99 Am. St.
R. 501; 8 Mo. 408; 12 Bush. 304.

July 5, 1911. The opinion of the Court was deliv-
ered by

MR. JUSTICE GARY. The question presented by this
appeal, arose out of the foreclosure of two mortgages of
real estate.

On the 29th of December, 1906, the defendants, T. B.
Henderson, Lou Henderson, Sue Henderson, Belle Hen-
derson, W. M. Henderson, T. H. Henderson, and J. R.
Henderson, made and delivered to the plaintiff, John W.
Ferguson, their promissory note for $1,880.00, and, in
order to secure the payment thereof, executed a mortgage
on the tracts of land described in the complaint.

On the 18th of January, 1908, the defendants, T. B.
Henderson, T. H. Henderson, and W. M. Henderson, made
their promissory note, whereby they promised to pay to the
order of Palmetto Bank of Laurens, sixteen hundred and
fourteen dollars, and executed a mortgage on certain lands,
to secure the payment thereof.

John W. Ferguson commenced an action, on the 10th of
June, 1909, to foreclose his mortgage, and made the Hen-
dersons hereinbefore mentioned, and all subsequent credi-
tors who had recovered judgment against the Henderson
brothers, or who held mortgages executed by them on the
lands described in the complaint, parties defendant.

About the same time, the Palmetto Bank commenced an action to foreclose its mortgage, and made all the above named persons parties defendant, except the Henderson sisters.

These two actions were afterwards consolidated.

The Henderson sisters, in their answer to the complaint of John W. Ferguson, set up the following defense: "That they signed said note, merely as surety for their brothers, the above named T. B. Henderson, W. M. Henderson, T. H. Henderson, and J. R. Henderson, and they ask that the interest of said brothers in said property, be exhausted and applied to the payment and liquidation of said debt, before their interest."

The special master in his report says: "The defense of Sue Henderson, Lou Henderson and Belle Henderson, that they are mere sureties, on said indebtedness, is not sufficiently made out, by the greater weight of the testimony, and the other judgment creditors of the Hendersons, had no notice that they claimed to be sureties, and not principal debtors."

His Honor, the Circuit Judge, concurred in these findings of fact, and from the order confirming said report, the Henderson sisters have appealed to this Court.

The first question that will be considered is, whether there was error in the finding, that the appellants, were principals and not sureties.

The uncontradicted testimony shows, that the note delivered to John W. Ferguson, was made for the purpose of raising money, to satisfy a previous note and mortgage executed by all the Hendersons, in favor of M. W. Cooley, and that the money was so expended.

As the money was borrowed for the purpose of satisfying the Cooley indebtedness, for which, not only the brothers' but the sisters were liable, it was not solely nor absolutely the property of the brothers, to expend as they saw fit, but was a trust fund; and, from the executions of

the trust, not only the brothers but the sisters, derived a financial benefit.

It cannot, therefore, be successfully contended, that the appellants were mere sureties.

Having reached this conclusion, the other questions involved, become merely speculative.

Judgment affirmed.